IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                                    CIV 06-1016 RB/CEG
                                                     CR 05-1353 RB

ALBERTO RICKY SANCHEZ,

        Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Alberto Ricky Sanchez's ("Sanchez") *pro se* motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, the United States's response, and Sanchez's memorandum in support of his § 2255 motion. *See Docs. 27, 28, 33*.[1] Sanchez pled guilty to possession with intent to distribute fifty or more marijuana plants, regardless of weight, and aiding and abetting. He was sentenced to eighteen months in prison, followed by three years supervised release. All of the issues can be resolved on the record, and therefore, an evidentiary hearing is unnecessary. *See e.g.*, *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996); *Rule 8(a), Rules Governing Section 2255 Cases In The United States District Courts*. For the reasons below, I recommend that Sanchez's motion be denied.

### I. Procedural Background

On July 15, 2004, a search warrant was served at Sanchez's residence in Lovington, New

---

[1] All citations are to the criminal mater, *United States v. Alberto Ricky Sanchez*, CR 05-1353 RB, unless otherwise noted.

Mexico.  *See Pre-Sentence Report ("PSR")* at 3.  The search produced, among other things, 367 marijuana plants, three firearms, counterfeit currency, sixty two grams of cocaine, and scales.  *Id*. at 4; *see also March 6 Transcript* at 8, 14-15.  On January 12, 2005, a Criminal Complaint was filed in this Court and an arrest warrant was issued.  *See Doc 1*.  Sanchez was arrested on January 21, 2005, and, three days later, Charles Harwood ("Mr. Harwood"), a Federal Public Defender, was appointed.  *See Doc. 3*.  On January 28, 2005, Sanchez waived his right to a preliminary hearing and a grand jury indictment and was released on bond.  *See Docs. 6, 7*.

Initially, on June 27, 2005, Sanchez appeared with four other defendants before Judge William Lynch.  *See June 27 Plea Transcript*.  He pled guilty to possession with intent to distribute 100 or more marijuana plants, regardless of weight, and aiding and abetting.  *Id*.  At the plea hearing, Sanchez was informed that he faced a minimum mandatory prison term of five years and a maximum term of forty.  *Id*. at 9.  Sanchez indicated to the Court that he understood the possible term he faced, that he understood the charges, that he had read and understood his plea agreement, that no one had forced him to enter his plea, and that by pleading guilty, he knew he was giving up certain rights.  *Id*. at 7-9, 14-15.  In addition, Sanchez's signed plea agreement also reiterated the details discussed during the plea hearing.  *See Doc. 18*.

Nine months after Sanchez pled guilty, Mr. Harwood negotiated a reduced sentence pursuant to an amended plea agreement for Sanchez.  *See Doc 24*.  As a result, a superseding information was filed charging Sanchez with possession with intent to distribute fifty or more marijuana plants, regardless of weight, and aiding and abetting.  *See Doc. 23*.  The reduced sentence was beneficial to Sanchez because he no longer faced a minimum mandatory prison term

of five years.[2]  *See Doc. 24* at 2; *see also Doc. 18* at 2.  On March 6, 2006, Sanchez appeared before Judge Brack, this time individually, and pled guilty in accordance with the superseding information and the amended plea agreement.  *See March 6 Transcript*.

At the March 6, 2006 plea hearing, Sanchez was informed that pursuant to the amended plea agreement and superseding information, he faced a maximum prison term of twenty years.  *Id*. at 4.  Again, Sanchez indicated that he understood the possible term he faced, that no one had forced him to enter into the plea, that he understood the charges, that he had read the amended plea agreement, and that by pleading guilty, he understood he was giving up certain rights.[3]  *Id*. at 4-11.  At the plea hearing, Judge Brack also asked Sanchez:

> THE COURT: Were you growing your own marijuana, 367 plants?
> THE DEFENDANT: Yes, sir, I sure was unfortunately.

*Id.* at 11.  Judge Brack accepted Sanchez's plea and concluded that it was "knowing, voluntary, intelligent, and competent."  *Id.* at 11.

Sanchez's amended plea agreement also outlined the maximum prison term he faced, the rights he was waiving, and that his "plea of guilty [was] freely and voluntarily made and not the result of threats or promises apart from those set forth in this plea agreement."  *See Doc. 24* at 5,

---

[2] In addition, the reduced sentence was also beneficial to Sanchez because he had two prior convictions and would not have been eligible for safety valve relief.  *See U.S.S.G. § 5C1.2(1)-(5); see also PSR* at 7, 9-10; *U.S.S.G. § 2D1.1(b)(7)*.

[3] Sanchez twice stated he was "entering this plea under his own free will."  *See March 6 Transcript* at 9.  In addition, Judge Brack asked Sanchez:
> THE COURT: Do you understand why we're here this morning?
> THE DEFENDANT: Yes, sir.
> THE COURT: And what it is [sic] we're doing?  Do you understand what it is we're doing here?
> THE DEFENDANT: Yes, sir.  I'm pleading guilty to the criminal charges right here.

*Id*.

1-4. The amended plea agreement stipulated, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that the parties agreed that defendant's sentencing guideline offense level was fifteen and that his criminal history was category I, carrying an 18-24 month sentence.[4]  *Id.* at 3.  Sanchez signed the amended plea agreement just below the language that stated: "I have read this agreement and carefully reviewed every part of it with my attorney.  I understand the agreement and voluntarily sign it."  *Id*. at 7.

At sentencing, Mr. Harwood argued that Sanchez should receive the lower end of the guideline range because he: (i) was not a sophisticated grower, (ii) was the primary care-giver for his elderly mother, and (iii) complied with his conditions while released on bond.  *See March 6 Transcript* at 12-14.  To that, Judge Brack stated:

> THE COURT:  Mr. Williams, I'm just curious about how this works: the inventory of the search showed up lots of stuff, weapons, cocaine, and a lot of plants out in the backyard, in what – Mr. Harwood describes it as an unsophisticated effort to grow marijuana, but pretty extensive, all the same.  How do we end up with just a charge of growing marijuana, as opposed to the cocaine– he's got a prior or two distribution charges, doesn't he?
> MR. WILLIAMS:  [Y]our Honor, what I know is that it was a product of negotiations between Mr. Harwood and the AUSA who was formerly involved, Mr. Watts.  And then, following the plea, additional facts were discovered about his criminal history, which led the parties to reach the agreement presented to the Court.

*Id*. at 14-15.  Sanchez then apologized to the Court for his actions and stated: "[Mr. Harwood] has done a great job, and I appreciate it."  *Id*. at 15-16.  Judge Brack accepted the stipulations in the amended plea agreement, which contained a downward departure in criminal history for justifiable reasons, and sentenced Sanchez to eighteen months.  *Id*. at 17-18.

---

[4] However, Sanchez's criminal history category was actually II; the downward departure in criminal history was for "justifiable reasons."  *See PSR* at 10; *March 6 Transcript* at 17.

In his § 2255 motion, Sanchez alleges numerous allegations, all of which fall under two claims: involuntary and unknowing plea and ineffective assistance of counsel.  *See Docs. 27, 28*. In support of his involuntary and unknowing plea claim, he alleges that he was: (i) not fully informed of the consequences of his plea, (ii) coerced into pleading guilty, and (iii) hard of hearing so he could not hear the judge.  *Id*.  In support of his ineffectiveness claim, Sanchez alleges that Mr. Harwood was ineffective because he failed to: (i) challenge the search warrant, (ii) challenge the arrest warrant, (iii) argue that he was a minor participant, (iv) argue that he was entitled to a downward departure for acceptance of responsibility, and (v) object to the incorrect guideline base offense level.  *Id*.

## II.  Waiver / Procedural Default

In its response, the United States argues that Sanchez has waived many of his claims or is procedurally defaulted from bringing certain claims which do not allege ineffective assistance of counsel.  *See Doc. 33* at 9.  I do not agree.  Because Sanchez is proceeding *pro se*, I will construe his pleadings liberally.  *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).  While the Court is not required to fashion a *pro se* litigant's arguments for him, the Court notes that the overall character of the § 2255 motion is ineffective assistance of counsel.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1994)).[5]  Claims of ineffective assistance of counsel not only can, but must be brought in collateral proceedings such as this.  *See United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995); *United States v. Romero*, 1995

---

[5] Sanchez's amended plea agreement states that he has *not* waived his right to collaterally attack the conviction on the issue of ineffective assistance of counsel.  *See Doc. 24* at 5.

WL 478156, at *3 (10th Cir. 1995). The Court finds that Sanchez's claims allege ineffective assistance of counsel and finds further reason to address his claims on the merits because he cannot substantiate the error he alleges. *See United States v. Talk*, 158 F.3d 1064, 1070 (10th Cir. 1998), *abrogated on other grounds by United States v. Harms*, 371 F.3d 1208 (10th Cir. 2004) ("Because we ultimately conclude that [the defendant] cannot substantiate the error he alleges, there is no need to resolve conclusively whether such error is actionable by means of a § 2255 petition."). In addition, the Court will also address the claims regarding the plea because when a defendant files a § 2255 motion challenging the validity of his guilty plea the "inquiry is normally whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989)*; see also United States v. Cockerman,* 237 F.3d 1179, 1187 (10th Cir. 2001).

### III.  Claims Regarding the Plea

Sanchez first alleges that his plea was unknowing because he did not understand the consequences of his plea. The United States Supreme Court's longstanding test for determining the validity of a petitioner's plea is simply "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Sanchez was informed at his first plea hearing, at his second plea hearing, in his original plea agreement, and in his amended plea agreement as to the specific rights he was waiving, the significance of a guilty plea, and the possible prisoner term he faced. The record, as shown above, contains numerous declarations by Sanchez in open court and clearly reflects that he understood the consequences of his plea. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Lasiter v. Thomas* 89

F.3d 699, 703 (10th Cir. 1996).  As such, any argument by Sanchez that he did not understand the consequences of his plea is baseless.

Sanchez claims that his plea was involuntary because he was coerced into pleading guilty.  In support of his coercion claim, Sanchez alleges that he was: (i) threatened, incorrectly, with a forty year sentence so "eighteen months seemed very appealing," and (ii) told by Mr. Harwood that he would receive one year and one day at a "camp" or "low security" prison.  *Doc 27* at 4; *Doc. 28* at 8-9.  "A valid guilty plea may not be obtained through coercion." *Osborn v. Shillinger*, 997 F.2d 1324, 1327 (10th Cir.1993) (citations omitted).  However, even when a defendant is "hounded, browbeaten" and cursed at by counsel to enter a plea, statements of voluntariness made in court control.  *United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996).  Likewise, an attorney's attempt "to persuade Petitioner that it was in his best interest to plea" does not lead to the conclusion that his guilty plea was involuntary.  *Miles v. Dorsey*, 61 F.3d 1459, 1470 (10th Cir. 1995), *cert. denied*, 516 U.S. 1062 (1996).

Sanchez's allegations are not grounds for finding that his plea was involuntary.  First, Sanchez was properly threatened with a forty year sentence when the original information he pled guilty to carried a maximum prison term of forty years.  This was explained to him in his plea agreement and was reiterated to him at his first plea hearing.  *See June 27 Plea Transcript* at 9; *Doc. 18* at 2.  Second, as to the alleged erroneous sentence prediction by Mr. Harwood, Sanchez signed an amended plea agreement which stated that he faced a recommended sentence of 18-24 months, the trial court reiterated this information to Sanchez, he solemnly indicated that he understood in open court, and twice stated that he was entering his plea under his "own free will." *March 6 Transcript* at 9.  Such solemn declarations in open court control.  However, even if Mr.

7

Harwood did make such statements, erroneous predictions regrading sentencing cannot render a plea involuntary. *See United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 2318 (2006); *United States v. Reyes Pena*, 216 F.3d 1204, 1212 (10th Cir. 2000).

Sanchez also claims that his plea was involuntary and unknowing because he could not hear the Judge. It is evident from the record that at Sanchez's amended plea and sentencing hearing he fully understood what was transpiring. For example, his attorney informed the Court of his hearing problem and the record indicates that when Sanchez could not hear the Judge, he let him know. *See March 6 Transcript* at 4, 10, 11, 15. Morever, Judge Brack did not simply ask Sanchez questions that sought a "yes" or "no" response. Instead, he engaged Sanchez in a number of open-ended questions to which he coherently responded. *Id*. at 9, 10, 11, 15, 16, 19. It is readily apparent from Sanchez's responses that he heard and understood what was being asked and the significance of the questions. Therefore, Sanchez's claim that his plea was involuntary and unknowing because he could not hear the Judge is without merit.

## IV. Claims Regarding Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a habeas petitioner must satisfy a two-part test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential; thus, the petitioner must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689. To be constitutionally ineffective, counsel's conduct "must have been completely unreasonable, not merely wrong." *Moore v. Gibson*, 195 F.3d 1152, 1178 (10th Cir. 1999)*, cert. denied,* 120 S. Ct. 2206 (2000); *see also Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999). Second, the

8

petitioner must show he has been prejudiced; that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." *Silva*, 430 F.3d at 1099. Conclusory assertions are insufficient to establish ineffective assistance. *See Fisher*, 38 F.3d at 1147. Because this test is two pronged, if either prong is not met, it is unnecessary to discuss the other. *E.g., Hill*, 474 U.S. at 60.

A.  Search Warrant / Arrest Warrant Claims

Sanchez claims that Mr. Harwood was ineffective for failing to challenge the search and arrest warrants. By entering a voluntary and knowing guilty plea, Sanchez cannot claim that his constitutional rights were violated prior to pleading guilty. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Davis*, 900 F.2d 1524, 1526 (10th Cir. 1990); *United States v. Flynn*, 309 F.3d 736, 739 (10th Cir. 2002); *Untied States v. Montilla*, 870 F.2d 549, 552 (9th Cir. 1989) ("as a general rule, a guilty plea erases claims of constitutional violation arising before the plea"). Consequently, Sanchez cannot assert that Mr. Harwood was ineffective for failing to argue that an illegal search and arrest occurred.[6]

---

[6] Even if Sanchez could claim that his constitutional rights were violated prior to pleading guilty, his claims regarding the arrest and search warrants are without merit. First, Sanchez alleges that the search warrant was unlawfully executed because it was served at night and could only be served during the day. *See Doc. 28 at 5.* The search warrant, though, clearly states it could be served "between the hours of 6:00 a.m. and 10:00 p.m," and the record reflects it was served between those hours. *See Search Warrant*; see also *Doc. 33 at 27.* Second, Sanchez alleges that the search warrant was unconstitutional because it was obtained through an incredible informant. *See Doc. 28 at 6.* This claim is also without merit because the affidavit attached to the search warrant describes the items to be seized with specific detail, and the record indicates that those specific items were recovered during the search. *See Search Warrant*; *PSR* at 4-5. Third, Sanchez argues Mr. Harwood was ineffective because he was arrested under the name Ricky Alberto Sanchez when his true name was Alberto Ricky

B.  Sentencing Claims

Sanchez's claims regarding sentencing reflect confusion on his part.  In his first two sentencing claims he asserts that Mr. Harwood was ineffective for failing to argue that he was entitled to a two level downward departure for being a minor participant and a two level downward departure for acceptance of responsibility.  *See Doc. 28* at 5, 7-8.  The PSR clearly shows that he was given a two level downward departure for being a minor participant and a three level downward departure for acceptance of responsibility.  *See PSR* at 7.   Counsel cannot be deemed ineffective for failing to raise a meritless issue.  *See United States v. Dixon*, 1 F.3d 1080, 1083 n.5 (10th Cir. 1993), *abrogated on other grounds by Florida v. White*, 526 U.S. 559 (1999); *United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995).  As such, Sanchez cannot argue that Mr. Harwood's performance fell below an objective standard of reasonableness.

In Sanchez's remaining sentencing claim, he argues that Mr. Harwood was ineffective for failing to object to an incorrect base offense level of eighteen.  *See Doc. 28* at 7.  Sanchez offers no factual support for this allegation, and, as such, the allegation is insufficient to establish ineffective assistance.  *See Fisher*, 38 F.3d at 1147 ("[W]e are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.").  In doing so, however, the Court notes that the amended plea agreement stipulates that pursuant to U.S.S.G. § 2.D1.1(c) "defendant is responsible for 367 plants of marijuana and 36.7 kilograms of marijuana."[7]  That amount of marijuana, pursuant to the Drug Quantity Table of

---

Sanchez.  *See Doc. 28* at 5.  The arrest warrant, however, clearly states that he was arrested under his true name, "Alberto Ricky Sanchez."  *See Doc. 1*.

[7] The weight of the marijuana was calculated pursuant to § 2D1.1 (*Notes to Drug Quantity Table (E)):* "In the case of an offense involving marihuana plants, treat each plant, regardless of sex, as equivalent to 100 G of marihuana.  *Provided*, however, that if the actual weight of the marihuana is greater, use the actual weight of the

§ 2.D1.1(c), equals a base offense level of eighteen.  Again, counsel cannot be deemed ineffective for failing to raise a meritless issue.  Therefore, Sanchez cannot argue that Mr. Harwood's performance fell below an objective standard of reasonableness.

Nor can Sanchez show that he has been prejudiced.   Given Sanchez's confusion regarding sentencing, and the benefit that his plea provided him, the Court cannot find that there is a reasonable probability that but for counsel's alleged errors the defendant would have insisted upon going to trail.  *Silva*, 430 F.3d at 1099.  Thus, I find Sanchez's ineffective assistance of counsel claims to be without merit.

Wherefore,

    IT IS HEREBY RECOMMENDED THAT:

    1) Sanchez's § 2255 motion be denied; and

    2) that CV 06-1016 RB/CEG be dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

 

_____
UNITED STATES MAGISTRATE JUDGE

---

marihuana."